GUYETT v. McWHIRK et al.

(Circuit Court, D. Oregon. July 15, 1907.)

No. 2,684.

INDIANS—INDIAN LANDS—ALLOTMENT.

Defendant W., a person of Indian blood, made a selection of land in the Umatilla Reservation, after which L., an Indian woman, also attempted to select the same land. L.'s stepsons, who were white persons and not entitled to allotment, were in possession when W. made his selection, and agreed to relinquish the possession to W. on their being permitted to retain the present crop, which was allowed. L. never had any possession of the land until after it was allotted to W. in 1891. *Held*, that L.'s stepsons held possession at the time of allotment, subject to the claim of W., and that he had the superior right to the allotment.

See 133 Fed. 1022.

R. J. Slater and J. T. Hinkle, for plaintiff.
S. A. Lowell and T. J. Hailey, for defendant McWhirk.
James Cole, Asst. U. S. Atty.

WOLVERTON, District Judge. About April 1, 1891, the defendant Charles McWhirk, a person of Indian blood, was allotted, by designation of the government allotment commissioners, the northeast quarter of section 14, township 3 north, range 34 east of the Willamette meridian, being a part of the Umatilla Reservation in Oregon, and thereafter, in due time there was issued to him the trust patent in pursuance of the act of March 3, 1885, c. 319, 23 Stat. 340, providing for allotment of lands to the Indians settled upon such reservation. The purpose of the present suit is to have this allotment set aside and annulled, and the complainant and his brothers and sisters decreed to be entitled to the same.

About the year 1888 Maria, an Indian woman and the wife of T. Morrisette, a French Canadian, claimed the land in question with a view to having the same allotted to her when the reservation lands should be divided up. She never lived upon the land, but had it fenced, and a portion reduced to cultivation; the improvement being made by her husband and his two sons, Ed and Frank Morrisette, who were white persons and not entitled to allotments. Maria, as nearly as can be ascertained, died in the year 1889; and in June, 1890, T. Morrisette married Louisa, another Indian woman. In the meanwhile Ed and Frank Morrisette cropped the land. Subsequent to her marriage Louisa claimed the land for her allotment, but neither lived upon nor improved it. It appears that Louisa moved upon the reservation in about 1887, at which time she selected for allotment a tract near Cayuse Station, being then the wife of one Ceror. Subsequently she selected still another tract, and had her house moved thereon. This latter tract was eventually allotted to her daughter, Mary Guyett. Ceror having died, and Louisa having married Morrisette, it was then that she laid claim to the land in suit. Within a few weeks after the death of Maria, Morrisette's first wife, the defendant, Charles McWhirk, came from Montana, at the request of his aunt, Margaret Bonifer, who was the sister of Maria, and selected the land for his allotment. Ed and Frank Morrisette were in possession at the time, and refused to surrender unless repaid some expenses incurred by the last illness of Maria and on account of her funeral. It was arranged, however, between McWhirk and the Morrisette boys, that they should have the forthcoming crop for their reimbursement, and that otherwise they should relinquish to McWhirk all right to the land and the possession thereof. They received the crop of 1890 under this arrangement, but refused to surrender, and took the crop of 1891 against the protest of McWhirk.

It thus appears that Louisa Morrisette made her claim to the land some time after McWhirk claimed it and had made the arrangement with the Morrisette boys relative to the crop and possession. As has been shown, Maria died in 1889; but Louisa made no attempt at selection until after her marriage with Morrisette, which was in 1890, so that in priority of time, as it respects selection for allotment, McWhirk has the better right. Prior to allotment, neither Louisa Morrisette nor McWhirk was in possession in person, and whatever possession either had was through the Morrisette boys, who, as the rec-

ord shows, were white persons and without right of allotment. A question is then presented, in whose right were the Morrisette boys in possession of the premises at the time the allotment was made?. The weight of the evidence upon this subject is, to my mind, clearly with McWhirk; so that he not only made the selection prior in time to Louisa, but had the possession through the Morrisette boys at the time the allotment was made to him by the commissioners. This gave him the better and superior right to the allotment. Hy-yu-tse-mil-kin v. Smith, 194 U. S. 401, 24 Sup. Ct. 676, 48 L. Ed. 1039.

The cause has been twice contested in the Interior Department, finally resulting favorably to McWhirk, and I find no reason for disturbing that result. The complainant sues in behalf of his brothers and sisters as well as himself, claiming as heirs of Louisa Morrisette; but as Louisa was not entitled to the allotment, the complainant cannot have the relief prayed. The bill of complaint will therefore be dismissed.